**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:26-cv-80413**

MATTHEW BERMAN,
*individually and on behalf of all other similarly situated,*

Plaintiff,

v.

SUMUP INC. DBA FIVESTARS,

Defendant.

**DEFENDANT SUMUP INC. DBA FIVESTARS'S NOTICE OF REMOVAL**

Please take notice that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant SumUp Inc. d/b/a Fivestars ("SumUp") by and through its undersigned counsel, hereby removes the above-captioned complaint from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, West Palm Beach Division. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's claims for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In support of removal, SumUp states the following:

1. On March 4, 2026, plaintiff Matthew Berman ("Plaintiff") filed his complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, under the case caption *Matthew Berman v. SumUp Inc. DBA Fivestars*, Case No. 50-2026-CA-002581-XXXA-MB (the "State Court Action").

2. A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint"). The Complaint alleges that SumUp sent Plaintiff unsolicited text messages to Plaintiff's cellular phone number, and that SumUp failed to honor Plaintiff's opt-out requests, in

violation of the TCPA. (Ex A. at 3–6.)

**REMOVAL IS TIMELY**

3. Removal of this action is timely, as SumUp was served by Plaintiff with a copy of the Complaint on March 13, 2026, and this Notice is being filed within 30 days of service, as prescribed under 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

4. This Court has original subject matter jurisdiction over Plaintiff's TCPA claim due to the presence of a federal question.

5. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Indeed, a federal district court has original jurisdiction over claims when "a federal question is presented on the face of the plaintiff's" complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. Here, the Complaint alleges violations of the TCPA, 47 U.S.C. § 227(c), and its implementing regulations, which constitute federal law. (*See* Ex. A at 9–12.) Therefore, the Complaint invokes a federal question. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441. *See Wisc. Dept. of Corrections v. Schact*, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal."); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (holding "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA").

7. Because "Plaintiff['s] statement of his own cause of action shows that it is based" on a federal statute, a federal question exists. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1906). Accordingly, removal of this action is proper on the basis that, pursuant to 28

U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's TCPA claim.

**REMOVAL IS PROCEDURALLY PROPER**

8. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Florida embraces the location where the State Court Action was commenced and is pending: the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

9. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit B** are true, correct, and legible copies of all papers—including all process, pleadings and orders—docketed in the State Court Action.

10. Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, SumUp will give written notice to Plaintiff's counsel and will file a copy of this Notice with the Clerk of the Circuit Court of Palm Beach County, Florida.

11. As of this date, SumUp has not filed a responsive pleading in the State Court Action.

WHEREFORE, SumUp respectfully requests that this action be removed to the United States District Court for the Southern District of Florida, West Palm Beach Division, from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and that this action proceed in this Court as an action properly removed.

Dated: April 13, 2026

Respectfully submitted,

By: *<u>/s/ Matthew C. Luzadder</u>*
Matthew C. Luzadder
Florida State Bar No. 11286
**KELLEY DRYE & WARREN LLP**
333 West Wacker Drive, 26th Floor
Chicago, IL 60606

Telephone: (312) 857-7070
Facsimile: (312) 857-7095
mluzadder@kelleydrye.com

Damon Suden, Esq.
(Admission *Pro Hac Vice* to be submitted)
Frances McDonald, Esq.
(Admission *Pro Hac Vice* to be submitted)
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-5040
Facsimile: (212) 808-7897
dsuden@kelleydrye.com
fmcdonald@kelleydrye.com

*Counsel for Defendant SumUp Inc. DBA Fivestars*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2026, a true and correct copy of the foregoing was served via email and FedEx upon:

Mitchell D. Hansen, Esq.
mitchell@jibraellaw.com
Zane C. Hedaya, Esq.
zane@jibraellaw.com
**THE LAW OFFICES OF JIBRAEL S. HINDI**
1515 NE 26th Street
Wilton Manors, Florida 33305

*Counsel for Plaintiff*

By: */s/ Matthew C. Luzadder*
Matthew C. Luzadder
Florida State Bar No. 11286
**KELLEY DRYE & WARREN LLP**
333 West Wacker Drive, 26th Floor
Chicago, IL 60606
Telephone: (312) 857-7070
Facsimile: (312) 857-7095
mluzadder@kelleydrye.com